FILED
United States Court of Appeals
Tenth Circuit

October 18, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

TIMOTHY WESAW,

     Defendant-Appellant.

No. 07-8024
(D.Ct. No. 06-CR-189–ABJ)
(D. Wyo.)

_____

ORDER AND JUDGMENT[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Timothy Wesaw pled guilty to one count of possession of

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

material containing an image of child pornography transported in interstate commerce by any means, including a computer, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The district court sentenced Mr. Wesaw to the low end of the advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of forty-one to fifty-one months imprisonment, as well as five years supervised release. While Mr. Wesaw appeals his conviction and sentence, his attorney has filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal.

## I. Background

Pursuant to a plea agreement, Mr. Wesaw pled guilty to a one-count indictment for possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The district court held a plea hearing, during which it thoroughly and comprehensively questioned Mr. Wesaw about his guilty plea. In response, Mr. Wesaw explicitly confirmed he had read the plea agreement, discussed it with counsel, and signed it voluntarily and of his own free will. He also stated he understood the offense for which he was charged, the maximum sentence and other possible sentencing ramifications related to the offense,[1] and

---

[1] Because the offense occurred prior to enactment of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003

(continued...)

-2-

the rights he was giving up by pleading guilty, including his right to a speedy public jury trial. He further admitted he was guilty of possessing child pornography by downloading images to his computer by means of interstate telephone lines.

After the district court accepted Mr. Wesaw's guilty plea, the probation officer prepared a presentence report calculating his sentence under the applicable Guidelines. The presentence report set his base offense level at seventeen, pursuant to the applicable 2003 version of U.S.S.G. § 2G2.2(a), and increased his base level: 1) two levels pursuant to § 2G2.2(b)(1) because the child pornography involved prepubescent minors under age twelve; 2) four levels under § 2G2.2(b)(3) given the images depicted sadistic or masochistic conduct; and 3) two levels under § 2G2.2(b)(5) because his offense involved the use of a computer. It also reduced the offense level by three levels for acceptance of responsibility, resulting in a total offense level of twenty-two. This, together with a criminal history category of I, resulted in an advisory sentencing range of forty-one to fifty-one months imprisonment.

---

[1](...continued)
(PROTECT Act), Pub. L. No. 108-21, 117 Stat. 650 (codified in scattered sections of 18 and 42 U.S.C.), its provisions did not apply to Mr. Wesaw, resulting in a statutory maximum term of only five years imprisonment under 18 U.S.C. § 2252A (2003).

Although Mr. Wesaw filed miscellaneous objections to some of the factual findings in the presentence report, those objections were withdrawn prior to sentencing. However, Mr. Wesaw did reserve the right to raise issues related to receiving a reasonable sentence under the sentencing factors in 18 U.S.C. § 3553(a).

During the sentencing hearing, discussion occurred concerning Mr. Wesaw's mental health, including prior alcohol abuse, depression, and treatment for bipolar disorder. In addition, three family members testified on Mr. Wesaw's behalf. Following their testimony, Mr. Wesaw's counsel conceded she had found no issue for a departure but asked the district court to consider a variance under the § 3553(a) factors in conjunction with: 1) Mr. Wesaw's exemplary conduct during his home confinement in which he voluntarily placed restrictions on himself; 2) his alcoholism and prior treatment for bipolar disorder; 3) the fact he raised his two sons on his own; and 4) the fact his last criminal offense occurred seven years prior to the instant offense. Mr. Wesaw then testified on his own behalf, articulating his remorse for his actions and asking for supervised release rather than a term of imprisonment. In response, the government requested a sentence within the advisory Guidelines range of forty-one to fifty-one months imprisonment, noting the seriousness of the offense, given Mr. Wesaw downloaded over twenty movie files and eighty-seven still or JPEG images

-4-

involving child pornography, and pointing out his need for vocational training and mental health and drug counseling.

In sentencing Mr. Wesaw, the district court explicitly stated it considered all the factors enumerated in 18 U.S.C. § 3553(a), together with the circumstances presented, including Mr. Wesaw's alcoholism; pornographic addiction tendencies, including the many, many hours it took to download the materials found on his computer; his honesty, acceptance of responsibility, admitted shame, and self-imposed sequestration after the instant offense; his difficult family circumstances growing up and in raising his children on his own; the discrimination he experienced as a Native American; and his need for mental health treatment. Based on these considerations, the district court determined a sentence at the low end of the advisory sentencing range was appropriate and reasonable and sentenced Mr. Wesaw to forty-one months imprisonment and five years supervised release.

After Mr. Wesaw filed a timely notice of appeal, his appointed counsel filed an *Anders* appeal brief, explaining a review of the record reveals no nonfrivolous issues exist to support an appeal in this case and moving for an order permitting withdrawal as counsel. *See Anders*, 386 U.S. at 744. In support, counsel suggests no irregularities occurred in the guilty plea or sentencing and

points out Mr. Wesaw was fully advised and understood his rights and the ramifications in pleading guilty, and the district court, after considering the § 3553(a) factors and properly calculating the advisory Guidelines range, sentenced him at the low end of that range to forty-one months imprisonment. Pursuant to *Anders,* this court gave Mr. Wesaw an opportunity to respond to his counsel's *Anders* brief. *Id.* However, Mr. Wesaw failed to file a response.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. Our independent review of the plea transcript supports beyond any doubt our conclusion Mr. Wesaw knowingly, intelligently, and voluntarily entered his plea of guilty. Thus, based on the record before us, we cannot say Mr. Wesaw's guilty plea was involuntary for the purpose of challenging his conviction. As to his sentence of forty-one months imprisonment and five years supervised release, we review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed. The district court in this case explicitly considered the factors in § 3553(a), and a presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range, which Mr. Wesaw has not rebutted.

*See id.* at 1053-55.

III.  Conclusion

For these reasons, no meritorious appellate issue exists.  Accordingly, we

**GRANT** counsel's motion to withdraw and **DISMISS** Mr. Wesaw's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge